UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA BEYERSDOERFER,   CASE NO. 1:13cv931

    Plaintiff,

  -vs-   Judge Michael R. Barrett

UNITED STATES OF AMERICA, et al.,

    Defendant.

## OPINION & ORDER

This matter came on for bench trial on January 5, 2016. The underlying action arises under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-80. The parties agree that this Court has exclusive jurisdiction over all federal claims pursuant to the statute. Plaintiff had previously submitted a claim pursuant to 28 U.S.C. § 2675(a) to the Department of the U.S. Army Corps of Engineers, and there is no dispute that Plaintiff has exhausted her administrative remedies. The U.S. Army Corps of Engineers acknowledgement of the claim is attached to Plaintiff's Complaint (Doc. 1, p. 9). By agreement of the parties, the claim is bifurcated and the bench trial dealt only with liability.

> Under the FTCA, the government may be liable
>
> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ... if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

On January 19, 2011, between approximately 7:15 and 7:30 p.m., Defendant Ian Mitchell was involved in a motor vehicle accident with another driver, Defendant Scott Farmer.  Plaintiff Brenda Beyersdoerfer was a passenger in Farmer's car.  The parties agree that Ian Mitchell was acting within the scope of his federal employment with the U.S. Army Corps of Engineers at the time of the accident.  The accident occurred in downtown Cincinnati at the intersection of Walnut and Sixth Streets.

At the bench trial, the Court heard the testimony of Cincinnati Police Officer Matt Martin, who filed the Ohio Traffic Crash Report on January 19, 2011 (Exh. A); the testimony of Farmer; the testimony of Mitchell; and the testimony of Beyersdoerfer. The January 19, 2011 Ohio Traffic Crash Report was admitted into evidence (Exh. A), along with photographs of Farmer's motor vehicle depicting an impact zone and damage in the area of the driver's side rear quarter-panel door and wheel well of his 4-door Audi (Exh. B-1 and B-2).

Officer Martin testified that his drawing on the Ohio Traffic Crash Report was not to scale, and the placement of the vehicles were approximations of their actual locations in the intersection at Sixth and Walnut Streets.   Officer Martin did not issue a citation based upon conflicting testimony from Mitchell, Farmer and Plaintiff.  Officer Martin did not interview any other witnesses.

Farmer testified that he met Beyersdoerfer for dinner and drinks at a restaurant located downtown.  After dinner, he offered to drive Beyersdoerfer to her residence, which was also located downtown.  Farmer testified that after pulling out of a parking space on Walnut, they were heading south on Walnut Street.  Farmer testified that the traffic light at the intersection of Walnut and Sixth Streets was green.  Farmer explained

that after he proceeded through the intersection, his car was hit and spun two to three times. Farmer testified that he was hit when he was three-quarters of the way through the intersection. Farmer demonstrated his location on the diagram. Farmer testified his car ended up facing northbound, which was confirmed by Officer Martin's testimony and diagram on the Ohio Traffic Crash Report.

    Mitchell testified that he was in Cincinnati for a meeting related to his job with the U.S. Army Corps of Engineers. Mitchell explained he left the Federal Building sometime between 5:00 and 5:30 p.m. to meet the group for dinner at a restaurant downtown. Mitchell could not remember the name of the restaurant, but remembered that it was near Fountain Square. Mitchell explained that he had a drink at dinner. Mitchell testified that after dinner, he left his parking space near the Federal Building, and headed westbound on Sixth Street to access to I-71/I-75 south for his return trip to Kentucky. Mitchell testified that at mid-block between Main and Walnut Street, he accelerated briefly, but then slowed for either a mid-block traffic light or a pedestrian, and then accelerated again as he approached Walnut Street. Mitchell testified that the traffic light at the intersection of Sixth and Walnut Streets was green. Mitchell explained that when he saw Farmer's car, he hit the brakes but was unable to stop. Mitchell drove through the intersection and pulled over on the south side of Sixth Street.

    Farmer testified that after the accident, Mitchell yelled at him. Mitchell testified that he did not speak to Farmer at all.

    By way of background, Beyersdoerfer testified that she attended the police academy and, thereafter, worked for several police departments over the course of seven years. Beyersdoerfer explained that during this time, her job duties included

3

investigating traffic scenes and crashes. In 2000, Beyersdoerfer was medically separated from her employment with the City of Cincinnati Police due to an on-duty traffic accident wherein she suffered various injuries. Beyersdoefer testified that she met Farmer for dinner and that they had parked on Walnut, mid-block between Sixth and Seventh Streets. Beyersdoefer's testimony is slightly different than Farmer's on one point. Beyersdoefer testified that the light was red as they approached the intersection of Sixth and Walnut Streets, but it turned green before they proceeded through the intersection. Beyersdoefer said that they were traveling at 5 to 10 miles per hour when she saw the other car coming fast through the intersection against the red light. Beyersdoefer also testified that the impact was major and that the car was spun a couple of times.

The Court notes that Beyersdoerfer's testimony is generally consistent with that of Farmer's. The Court finds that the slight discrepancy is not unexpected, as two honest people who witness the same event may not describe it exactly the same way. Attorneys for the parties tried to discredit the witnesses as it relates to the report filled out by Mitchell, the discrepancy between Farmer and Beyersdoerfer regarding the color of traffic light before they approached the intersection, and the filing of claims by Beyersdoerfer in state court. These arguments do not persuade the Court. Beyersdoerfer has established the greater weight of the evidence because her evidence outweighs or overbalances the evidence opposed to it.

The Court finds that at the time of motor vehicle accident on January 19, 2011, Mitchell was acting within the scope of his federal employment with the U.S. Army Corps of Engineers. At the time of the accident, the traffic light controlling the

southbound traffic on Walnut Street was green, thus giving Farmer the right-of-way when his motor vehicle entered the intersection.

The Court further finds that Farmer was not negligent in the cause, nor a contributing factor to the motor vehicle accident.  Therefore, Beyersdoerfer's claims against Farmer are DISMISSED.

The Court further finds that alcohol was not a factor, at all, as it relates to either driver involved in this accident.  The Court finds that Mitchell was the sole and proximate cause of subject automobile accident and the United States of America is solely responsible for the liability in this matter.

**IT IS SO ORDERED**.

                                                ___*/s/ Michael R. Barrett*_____
                                                Michael R. Barrett, Judge
                                                United States District Court